UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TODD GOLDBERG,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CENTRAL CREDIT MANAGEMENT, INC.,<br><br>　　　　　　　　Defendant. | Case No. 2:11-cv-00305-MMD-GWF<br><br>ORDER<br><br>(Plf.'s Motion for Default Judgment<br>– dkt. no. 17) |

**I.　SUMMARY**

Before the Court is Plaintiff's Motion for Attorney's Fees and Costs.  (Dkt. no. 17.) Defendant Central Credit Management, Inc. has not responded.  For the reasons stated below, the Motion is granted.

**II.　BACKGROUND**

This suit arises from the attempts at collecting an alleged debt and violations of the FDCPA.  On December 4, 2012, this Court entered default judgment in favor of the Plaintiff and gave the Plaintiff thirty (30) days from the entry of judgment to file a motion for attorneys' fees and costs.  Plaintiff timely filed the instant motion.

**III.　LEGAL STANDARD**

Entry of default judgment on Plaintiff's FDCPA claim entitles Plaintiff to an award of reasonable attorney's fees and costs. 15 U.S.C. § 1692k(a)(3). The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Generally, reasonable

attorney's fees are based on the "lodestar" calculation set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The Court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. However, another "method is the 'contingency' method, in which the court assumes that a contingency fee agreement is 'presumptively reasonable,' reducing the amount called for in the agreement only when the court finds that the amount is unreasonable." *Widrig v. Apfel*, 140 F.3d 1207, 1209 n.4 (9th Cir. 1998).

Here, Plaintiff does not seek attorney's fees based on an hourly rate. Rather, Plaintiff requests reimbursement of attorney's fees at $450, reflecting the 45% contingency fee agreement between Plaintiff and his Counsel and the award of $1000 in statutory fines. After reviewing Plaintiff's attached exhibits, the Court finds that Plaintiff's calculation attorney labor is a reasonable amount of time spent on this litigation and the attorney's fees request is reasonable. Furthermore, the Court finds Plaintiff's cost request of $415, for filing and service costs, to be reasonable. Therefore, the Court orders attorney's fees and costs in the requested amount of $865.

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Attorney's Fees and Costs is GRANTED. The Clerk of the Court is directed to enter judgment in favor of Plaintiff Todd Goldberg and against Defendant Central Credit Management, Inc. in the amount of $865.00 for attorney's fees and costs.

DATED THIS 27th day of February 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE